UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON, on behalf of himself
and all others similarly situated,

                Plaintiff,

v.

EAST JORDAN PLASTICS, INC.,

                Defendant.

Case No. 23-cv-205

Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

| WALCHESKE & LUZI, LLC | BODMAN PLC |
|---|---|
| By: Scott S. Luzi (WI Bar 1067405) | By: John T. Below (P48677) |
| 235 N. Executive Drive, Suite 240 |     Gary S. Fealk (P53819) |
| Brookfield, WI 53005 |     Amanda McSween Empey (P84594) |
| (262) 780-1953 | 201 W. Big Beaver Road, Suite 500 |
| sluzi@walcheskeluzi.com | Troy, MI 48084 |
| Attorneys for Plaintiff | (248) 743-6000 |
| | jbelow@bodmanlaw.com |
| | grfealk@bodmanlaw.com |
| | aempey@bodmanlaw.com |
| | Attorneys for Defendant |

## JOINT MOTION TO APPROVE SETTLEMENT

      All Parties, by and through their respective counsel of record, hereby respectfully move this Court to enter an Order approving the settlement reached in this case, pursuant to 29 U.S.C. § 216(b). As more fully set forth in the parties' brief that follows, after substantial discovery, including extensive calculations, the Parties have reached a settlement on all Plaintiff's claims, which settlement the Parties believe is fair, just and equitable.

WHEREFORE, the Parties respectfully request that this Honorable Court to GRANT this Joint Motion and APPROVE this FLSA Collective Action Settlement.

| WALCHESKE & LUZI, LLC | BODMAN PLC |
|---|---|
| *s/ Scott S. Luzi* | *s/ Gary S. Fealk* |
| Scott S. Luzi (WI Bar 1067405) | John T. Below (P48677) |
| 235 N. Executive Drive, Suite 240 | Gary S. Fealk (P53819) |
| Brookfield, WI 53005 | Amanda McSween Empey (P84594) |
| (262) 780-1953 | 201 W. Big Beaver Road, Suite 500 |
| sluzi@walcheskeluzi.com | Troy, MI 48084 |
| Attorneys for Plaintiff | (248) 743-6000 |
| | jbelow@bodmanlaw.com |
| | grfealk@bodmanlaw.com |
| | aempey@bodmanlaw.com |
| | Attorneys for Defendant |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON, on behalf of himself
and all others similarly situated,

                Plaintiff,

v.

EAST JORDAN PLASTICS, INC.,

                Defendant.

Case No. 23-cv-205

Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>By:      Scott S. Luzi (WI Bar 1067405)<br>235 N. Executive Drive, Suite 240<br>Brookfield, WI 53005<br>(262) 780-1953<br>sluzi@walcheskeluzi.com<br>Attorneys for Plaintiff | BODMAN PLC<br>By:      John T. Below (P48677)<br>Gary S. Fealk (P53819)<br>Amanda McSween Empey (P84594)<br>201 W. Big Beaver Road, Suite 500<br>Troy, MI 48084<br>(248) 743-6000<br>jbelow@bodmanlaw.com<br>grfealk@bodmanlaw.com<br>aempey@bodmanlaw.com<br>Attorneys for Defendant |

**BRIEF IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT**

This is a wage and hour case. Plaintiff Kenneth Wilson ("Wilson"), on behalf of himself and all others similarly situated, alleges that Defendant East Jordan Plastics, Inc. ("East Jordan Plastics") failed to properly pay overtime compensation to non-exempt employees under Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").[1] After engaging in discovery, the parties engaged in mediation and agreed to a settlement, which the parties believe is fair, just, and

---

[1] Wilson's claims under the Michigan's Improved Workforce Opportunity Wage Act, MCL § 408.931("IWOWA") were dismissed with prejudice on November 28, 2023. ECF No. 15.

equitable. Accordingly, the parties now seek this Court's approval of the parties proposed settlement.

## BACKGROUND & THE PARTIES' SETTLEMENT

Wilson initiated this action on February 27, 2023, claiming that East Jordan Plastics violated the FLSA by failing paying non-exempt required employees' overtime premiums, by "shaving time" "via electronic timeclock rounding" (the "FLSA Timeshaving Claim") and failing to include shift differentials in his regular rate of pay for overtime calculation purposes (the "FLSA Non-Discretionary Compensation Claim"). ECF No. 1. East Jordan Plastics denies these allegations. ECF No. 5.

Over the course of several months, from approximately July 2023 to November 2023, the parties exchanged comprehensive written discovery, including but not limited to Wilson's pay and time records and representative information and data regarding the FLSA Collective, which is defined as: "All individuals who worked as hourly-paid, non-exempt production and maintenance employees at Defendant between February 27, 2021, and November 4, 2023 …" **Exhibit 1**, *Settlement Agreement*, ¶ E.

During this time, from approximately July 2023 to November 2023, Plaintiff's counsel evaluated the merits of the case, reviewed documents and information related to Defendant's compensation policies and practices, and thoroughly analyzed extensive and substantial payroll data for Plaintiff and the Collective during the statutory period. **Exhibit 1**, *Settlement Agreement*, ¶ F.

On November 21, 2023, the parties engaged in a full-day mediation with David Calzone, a knowledgeable labor and employment mediator. **Exhibit 1**, *Settlement Agreement*, ¶ D. Ultimately, the parties reached a settlement wherein Defendant agreed to pay $350,000.00,

inclusive of all attorneys' fees and costs, to settle all claims at issue in this matter. *Id.* at ¶ 1.25. In Plaintiff's counsel's opinion, and based upon damages modeling from reviewing payroll data for Plaintiff and the FLSA Collective during the statutory period, in addition to evaluating other factors, such as the substantial risks of litigation (including no recovery at all), a monetary settlement of this amount is incredibly fair, reasonable, adequate, and in the best interests of Plaintiff and the FLSA Collective. *Id.* at ¶¶ D & F.

Specifically, "FLSA Collective" members who properly and timely "opt-in" will become "Settlement Members" and will receive their allocated share of the "Net Settlement Fund," which was determined by whether an FLSA Collective member regularly or customarily worked on the "Day Shift" or on the "Night Shift" while employed by Defendant between February 27, 2021, and November 4, 2023.[2] *Id.* at ¶ 1. Those FLSA Collective members who fail to "opt-in" will not become Settlement Members, will not receive compensation from the parties' settlement, and will not waive or release any wage and hour claims against Defendant. *Id.* ¶ 4. Any remaining or unclaimed monies in the Net Settlement Fund from those FLSA Collective members who did not properly and timely "opt-in" (and become Settlement Members) will be proportionately (i.e., evenly) allocated, divided, and distributed among the Settlement Members. *Id.* ¶ 2.2(6). As a contingency fee and consistent with Plaintiff's counsel's agreement with Plaintiff, Plaintiff's counsel will receive attorneys' fees of approximately one-third (1/3) of the settlement amount, or

---

[2] "Night Shift" employees were included in both the FLSA Timeshaving Claim and the FLSA Non-Discretionary Compensation Claim, while "Day Shift" employees were included in only the FLSA Timeshaving Compensation Claim. "Night Shift" employees received a shift differential during periods of their employment with Defendant, while "Day Shift" employees did not. In all, approximately 727 employees regularly or customarily worked on the "Day Shift," while approximately 307 employees regularly or customarily worked on the "Night Shift," during their employment with Defendant and between February 27, 2021, and November 4, 2023. **Exhibit 1**, *Settlement Agreement*, ¶ 3.1(C).

$116,665.76, and reimbursement of reasonable and actual case-related costs and expenses not to exceed $7,500.00. *Id.* at ¶ 3.2.

For purposes of this settlement, the parties also agreed upon language for a Notice of Collective Action Settlement to be sent, so that FLSA Collective members could "opt-in" to the parties' settlement and become Settlement Members. *Id*. at ¶ 1.26. The parties believe that the settlement is fair, just, and equitable, as it completely and reasonably compensates Plaintiff and the FLSA Collective for their claims. *Id*. Moreover, the settlement alleviates further expense and uncertainties of litigation, along with the possibility of cumbersome appeals. As such, the parties seek this Court's approval of Settlement for Plaintiffs' FLSA Collective Action and seek and Order of Dismissal With Prejudice of Plaintiffs' Complaint.

## LAW & ARGUMENT

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.* However, the Court has carved out two exceptions to this general rule: *"*The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to §16(b) of the FLSA." *Stout v. Remetronic, Inc.,* 2014 WL 12841452, No. 3:13-cv-026, at *1 (S.D. Ohio Nov. 25, 2014); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

"The Sixth Circuit has not explicitly required court approval for FLSA settlement agreements." *Nader v. Springs Window Fashions, LLC*, Case No. 1:22-cv-12067, 2023 WL

2393627, 2023 U.S. Dist. LEXIS 37812 at *2 (E.D. Mich. Mar. 7, 2023). However, district courts within the Sixth Circuit "regularly find that the FLSA context counsels in favor of courts approving settlements." *Scobey v. GM, LLC*, Case No. 20-12098, 2021 WL 5040312, 2021 U.S. Dist. LEXIS 207917 at *4 (E.D. Mich. Oct. 28, 2021); *see also Waters v. RDR Servs.*, Case No. 1:18-cv-1241, 2020 U.S. Dist. LEXIS 211362 at *1 (W.D. Mich. Nov. 12, 2020) ("Negotiated settlement agreements in FLSA cases must be reviewed by the district court to ensure the agreement is fair and reasonable.").

When reviewing a proposed FLSA settlement, the Court determines whether the settlement is a "fair and reasonable resolution of a *bona fide dispute* over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355 (emphasis added). As an initial matter, this lawsuit is a bona fide dispute, which may be appropriately settled under the FLSA "because the initial action by the employees provides some assurance of an adversarial context." *Id*. at 1354.

In determining whether a proposed settlement is fair and reasonable, the Court may consider several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335; *see also Williams v. Alimar Security, Inc.*, No. 13-cv-12732, 2017 WL 427727, 2012 U.S. Dist. LEXIS 13530 at *2 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky* and analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable); *Farkas v. Boschert,* Case No. 17-cv-12536, 2018 WL 3100905, 2018 U.S. Dist. LEXIS 105263 at *3 (E.D. Mich. June 25, 2018) (same);

*Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989 at *2 (E.D. Mich. Jan. 12, 2015) (analyzing similar factors).

"The Court must also separately assess the reasonableness of Plaintiffs' attorney's fees and costs award, even when the fee is negotiated as part of a settlement rather than judicially determined." *Doe v. Al-Hakin*, Case No. 15-11307, 2015 U.S. Dist. LEXIS 115996 (E.D. Mich. Sept. 1, 2015); *see also Wolinsky*, 900 F. Supp. 2d. at 335.

Here, all of the relevant factors favor approval of the settlement amount and the attorneys' fees and costs.

    1.    Payment is Within Plaintiff's Possible Range of Recovery.

The first factor pertains to the plaintiff's range of possible recovery. In this regard, the release provision for the Settlement Members is "limited to the wage and hour claims asserted in the lawsuit." *Bakelaar v. Calvin Coll.*, Case No. 1:18-cv-1336, 2019 U.S. Dist. LEXIS 243835, 2019 WL 13209043 (W.D. Mich. Sept. 16, 2019). The parties each performed assessments as to possible liability and calculations regarding the outside limitations to damages based on Wilson's time and pay records and representative information and data regarding the FLSA Collective. *See* **Exhibit 1**. The agreed-upon settlement amount is based upon and well within the range of these calculations, and therefore payment is within Plaintiffs' possible range of recovery.

    2.    The Settlement Will Enable the Parties to Avoid Burdens and Expenses In Establishing Their Respective Claims.

Next, the Court looks to the extent that settlement will enable the parties to avoid additional burdens and expenses. With the proposed settlement, the parties will not have to incur the burden and expense of individualized discovery for the opt-in plaintiffs, substantial and additional motion practice, and trial.

3. Both Parties Face Litigation Risks.

The third factor to consider is the litigation risks faced if the settlement is not approved. Here, both parties face risks if this matter were to proceed to trial and a fact finder is tasked with determining the appropriate calculation of overtime pay.

On one hand, if Defendant were to prevail at trial, Plaintiffs would receive nothing, and, likewise, Plaintiffs' attorneys would receive nothing for the significant time they have invested into this case. On the other hand, if Plaintiffs were to prevail at trial on the issue whether Defendant violated the FLSA by failing to pay overtime compensation, Defendant would face the risk of being liable for damages that exceed the settlement amount, including an amount equal to their actual lost wages, i.e. liquidated damages. 29 U.S.C. § 216(b). Moreover, Defendant would also be responsible for Plaintiffs' attorneys' fees incurred for extensive litigation.

In short, the parties have considered their respective risks and determined that the terms and conditions of the proposed settlement agreement are in the best interests of the parties.

4. The Parties Engaged In Arms-Length Bargaining

Fourth, the Court can consider whether the settlement agreement is the product of arms-length bargaining. Settlements of FLSA claims that are reached in the context of litigation, "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching" because "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute[.]" *Lynn's*, 679 F.2d at 1354. In this regard, both parties were represented by counsel experienced in FLSA claims and defenses. Counsel for both parties performed assessments and calculations based on Wilson's time and pay records and representative information and data regarding the FLSA Collective prior to mediation. From there, the parties engaged in a full day of negotiations with a knowledgeable labor

and employment mediator. There is no doubt that this settlement is the product of arms-length bargaining.

     5.     There Was No Fraud or Collusion.

The Court should also consider whether fraud or collusion occurred in reaching the proposed settlement. Here, there is no reason to suspect fraud or collusion because no party has advanced such an allegation. Rather, the settlement is the result of the parties and their counsel fully evaluating the risks of continued litigation and the benefits of settlement. The parties also note that there is no confidentiality provision in the proposed settlement agreement.

     6.     Plaintiff's Attorneys' Fees and Costs Request is Reasonable.

In this regard, the Parties agreed that Plaintiffs' Counsel shall receive approximately one-third of the Settlement Fund, plus reimbursement of reasonable and actual case-related costs and expenses, consistent with a typical contingency fee arrangement that Plaintiff's Counsel has with Plaintiff.  The amount is fair and reasonable, in light of the result reached in this case, and the total number of hours that plaintiffs' counsel dedicated to this matter. *See Farkas*, 2018 U.S. LEXIS 105263 at *7 (finding that "Plaintiff's counsel fee, representing one-third of the total settlement amount is reasonable for the work performed and the result obtained.").

## CONCLUSION AND RELIEF REQUESTED

In sum, the proposed settlement agreement is in the best interests of both parties in this matter. The settlement amount and plaintiffs' attorney fees are fair and reasonable. As such, the parties seek this Court's approval of Settlement for Plaintiffs' FLSA Collective Action and seek an Order of Dismissal With Prejudice of Plaintiffs' Complaint.

**WHEREFORE**, the Parties respectfully request that this Honorable Court to GRANT this Joint Motion and APPROVE this FLSA Collective Action Settlement.

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br> *s/ Scott S. Luzi*<br>Scott S. Luzi (WI Bar 1067405)<br>235 N. Executive Drive, Suite 240<br>Brookfield, WI 53005<br>(262) 780-1953<br>sluzi@walcheskeluzi.com<br>Attorneys for Plaintiff | BODMAN PLC<br> *s/ Gary S. Fealk*<br>John T. Below (P48677)<br>Gary S. Fealk (P53819)<br>Amanda McSween Empey (P84594)<br>201 W. Big Beaver Road, Suite 500<br>Troy, MI 48084<br>(248) 743-6000<br>jbelow@bodmanlaw.com<br>grfealk@bodmanlaw.com<br>aempey@bodmanlaw.com<br>Attorneys for Defendant |

4862-8588-9388_1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON, on behalf of himself
and all others similarly situated,

Case No. 23-cv-205

Hon. Paul L. Maloney
Magistrate Judge Ray S. Kent

Plaintiff,

v.

EAST JORDAN PLASTICS, INC.,

Defendant.

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>By: Scott S. Luzi (WI Bar 1067405)<br>235 N. Executive Drive, Suite 240<br>Brookfield, WI 53005<br>(262) 780-1953<br>sluzi@walcheskeluzi.com<br>Attorneys for Plaintiff | BODMAN PLC<br>By: John T. Below (P48677)<br>     Gary S. Fealk (P53819)<br>     Amanda McSween Empey (P84594)<br>201 W. Big Beaver Road, Suite 500<br>Troy, MI 48084<br>(248) 743-6000<br>jbelow@bodmanlaw.com<br>grfealk@bodmanlaw.com<br>aempey@bodmanlaw.com<br>Attorneys for Defendant |

## **CERTIFICATE OF COMPLIANCE**

All Parties, by and through their respective counsel of record, hereby certify that the parties' *Joint Motion to Approve Settlement* and *Brief in Support of Joint Motion to Approve Settlement* comply with LR 7.3(b)(ii).

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>  *s/ Scott S. Luzi*<br>Scott S. Luzi (WI Bar 1067405)<br>235 N. Executive Drive, Suite 240<br>Brookfield, WI 53005<br>(262) 780-1953<br>sluzi@walcheskeluzi.com<br>Attorneys for Plaintiff | BODMAN PLC<br>  *s/ Gary S. Fealk*<br>John T. Below (P48677)<br>Gary S. Fealk (P53819)<br>Amanda McSween Empey (P84594)<br>201 W. Big Beaver Road, Suite 500<br>Troy, MI 48084<br>(248) 743-6000 |

jbelow@bodmanlaw.com
grfealk@bodmanlaw.com
aempey@bodmanlaw.com
Attorneys for Defendant

4862-8588-9388_1