\UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON, on behalf of himself )
and others similarly situated, )
                       Plaintiff, )
                        )   No. 1:23-cv-205
-v- )
                        )   Honorable Paul L. Maloney
EAST JORDAN PLASTICS, INC., )
                       Defendant. )
_____)

## ORDER GRANTING MOTION TO APPROVE PROPOSED SETTLEMENT

Plaintiff Kenneth Wilson alleges that his former employer, Defendant East Jordan Plastics, violated the Fair Labor Standards Act (FLSA). Plaintiff styles his complaint as an opt-in collective action. In November 2023, the parties filed a stipulation to dismiss two of the four causes of action. Then in December 2023, the parties filed the joint motion for settlement approval (ECF No. 17). The Court identified two topics of concern and the parties filed a response (ECF No. 19). The Court will approve the joint motion for settlement.

### I.

Although the Sixth Circuit Court of Appeals has not held that parties must obtain court approval to settle a dispute under the FLSA, parties in this circuit routinely seek approval of FLSA settlement. *See, e.g., Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 954-55 (E.D. Mich. 2021); *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *cf. Barbee v. Big River Steel. LLC*, 927 F.3d 1024, 1026-27 (8th

Cir. 2019) (noting a circuit split on whether parties must seek judicial approval of all FLSA settlements and collecting cases).

When presented in a proposed settlement in an FLSA lawsuit, a court must consider whether a bona fide dispute exists concerning application of the FLSA and whether the settlement represents a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). When deciding if a proposal constitutes a fair and reasonable settlement of the disputed issues, courts may consider

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and the representative employee; (6) the reaction of absent class members, and (7) the public interest in the settlement.

*Athan*, 523 F. Supp. at 965 (collecting cases).

## II.

Having reviewed the motion and brief in support of approval (ECF No. 17), the parties' response to Court's concerns (ECF No. 19) and the terms of the proposed settlement (ECF No. 17-1), the Court finds that the relevant factors support approval of the settlement.

The parties' proposal establishes two categories of employees: day-shift workers and night-shift workers. The parties have identified approximately 727 employees in the day-shift category and another 307 in the night-shift category. As the parties have structured the settlement, both categories of employees will receive a payment for the cause of action in Count I, time-shaving. The damages from this cause of action occurred between November 21, 2021, and the end of September 2022, a 44-week time period. The night-shift category

of employees will also receive damages from the cause of action in Count 2, a claim the parties describe as non-discretionary compensation. The damages from this second cause of action occurred between March 27, 2022, and November 4, 2023, an 84-week period.

The parties agreed to settle this dispute for approximately $350,000. The total includes litigation costs, attorney fees, administration costs, a service award for plaintiff and payments to opt-in employees. Day-shift employees who opt in will receive approximately $190.43 and night-shift employees who opt in will receive approximately $252.09. Opt-in employees agree to release wage and hour claims. Wilson agrees to release all broader range of employment-related claims.

The Court finds that a genuine dispute about coverage and about the appropriate computation of damages exists between the parties. The settlement constitutes a fair and reasonable compromise between the parties. Both parties are represented by different counsel who appear to have engaged in good-faith negotiations following limited discovery. The Court finds little risk of fraud or collusion. The range of potential recovery for the two causes of action would depend on the outcome of multiple factual and legal disputes, which would be both time consuming and would increase the costs associated with the litigation. The discovery conducted up to this point in the litigation appears sufficient for the parties to reach a compromise. At this point in the litigation, neither party can demonstrate a substantial likelihood of success on the merits. In the Court's assessment, the settlement is in the best interests of the parties, the potential opt-in employees and the public. The Court finds the releases and the service award appropriate. The Court also approves the notice to be provided to the potential members of the collective action.

For these reasons, the Court **GRANTS** the parties' joint motion for settlement approval (ECF No. 17). The settlement agreement references a final order (§ 1.6 PageID.129; § 2.2(B) PageID.131). To the extent the parties believe an additional final order may be necessary, the parties must submit a proposed final order within fourteen (14) days of the date of this order. If the parties do not submit anything within 14 days, the Court will enter judgment. **IT IS SO ORDERED.**

Date:   January 30, 2024                             /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge